**SCHLEIER, JELLISON & SCHLEIER, P.C.**
3101 North Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone:  (602) 277-0157
Facsimile:  (602) 230-9250

JAMES M. JELLISON, ESQ.  #012763
Attorney for Navajo County Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WESLEY SIMMONS and SHARON SIMMONS, husband and wife; | Case No.: |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION FROM STATE COURT** |
| v. | |
| NAVAJO COUNTY, STATE OF ARIZONA; NAVAJO COUNTY BOARD OF SUPERVISORS, GOVERNING BOARD OF NAVAJO COUNTY, ARIZONA; GARY BUTLER, Sheriff of Navajo County; DAVID BURKE, Jail Commander, Navajo County; LIEUTENANT REYNOLDS, Navajo County; SERGEANT A. WARREN, Navajo County; DETENTION OFFICER J. STUMP, Navajo County; DETENTION OFFICER T. ROBINSON, JR., Navajo County; DETENTION OFFICER R. RATCLIFF, Navajo County; DETENTION OFFICER M. NABORS, Navajo County; DETENTION OFFICER M. CRANDELL, Navajo County; DETENTION OFFICER D. PETERSON, Navajo County; NURSE DEBORAH JONES AND STAFF, Navajo County; DR. KARTCHNER AND STAFF, Director, Navajo County Public Health Services, Navajo County; and NURSE GENIE GREASON, Navajo County; | |
| Defendants. | |

**To the Clerk of the above-entitled Court:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §1441 and §1446 and District Court Local Rule 3.7, Defendants Navajo County, State of Arizona; Navajo County Board of Supervisors, Governing Board of Navajo County, Arizona; Gary Butler, Sheriff of Navajo County; David Burke, Jail Commander, Navajo County; Lieutenant Reynolds, Navajo County; Sergeant A. Warren, Navajo County; Detention Officer J. Stump, Navajo County; Detention Officer T. Robinson, Jr., Navajo County; Detention Officer R. Ratcliff, Navajo County; Detention Officer M. Nabors, Navajo County; Detention Officer M. Crandell, Navajo County; Detention Officer D. Peterson, Navajo County; Nurse Deborah Jones and Staff, Navajo County; Dr. Kartchner and Staff, Director, Navajo County Public Health Services, Navajo County; and Nurse Genie Greason, Navajo County, (hereinafter "Navajo County Defendants") hereby notice the removal of the above-captioned case from the Arizona Superior Court, County of Navajo, to this Court and in support thereof respectfully shows:

1. Navajo County Defendants are named in the above-entitled civil action, which has been commenced and is pending in the Superior Court of the State of Arizona, in and for the County of Navajo, Cause No. CV2006-0062.

2. Navajo County Defendants were served with the Certificate of Compulsory Arbitration, Summons and Complaint in the state court action no earlier than March 3, 2006, copies of which are attached hereto as Exhibit "A" and incorporated herein by reference.

3. This Notice of Removal is being filed within thirty days after receipt by Navajo County Defendants of a copy of the Complaint and is timely filed under 28 U.S.C. §1446(b).

4. The time for Navajo County Defendants to answer or move with respect to the Complaint has not expired; Navajo County Defendants have not answered or otherwise responded to this matter.

5. Upon information and belief, Plaintiffs are residents of the State of Arizona.

6. Defendants Navajo County Board of Supervisors and Navajo County are political subdivisions of the State of Arizona with their principal place of business in the State of Arizona, County of Navajo.

7. A copy of the notice has been filed with the State Court Clerk.

8. This is a civil action in which Plaintiffs appear to allege violations of the U.S. Constitution, 42 U.S.C. § 1983, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, namely "reasonable conditions of seizure and due process". Accordingly, the Complaint includes federal questions subject to this Court's jurisdiction under 28 U.S.C. §1331.

WHEREFORE, Navajo County Defendants request the above-entitled action now pending in the Superior Court of the State of Arizona, in and for the County of Navajo, be removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

DATED this 10th day of March, 2006.

SCHLEIER, JELLISON & SCHLEIER, P.C.

s/James M. Jellison
James M. Jellison
Attorney for Navajo County Defendants

I hereby certify that on March 10, 2006, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

I hereby certify that on March 10, 2006, I served the attached document by US Mail on the following, who are not registered participants of the CM/ECF System:

1   John Trebon
    John Trebon, P.C.
2   308 North Agassiz
    Flagstaff, Arizona  86001
3   Attorney for Plaintiffs

4
    s/Michelle R. Leach
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT A

1  **JOHN TREBON**
2  **JOHN TREBON, P.C.**
3  308 N. Agassiz
   Flagstaff, Arizona 86001
4  (928) 779-1713

5  Attorney for Plaintiffs
6  AZ. State Bar No. 005375

7

8

9  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10  **IN AND FOR THE COUNTY OF NAVAJO**

11

12  WESLEY SIMMONS and SHARON        )   Case No.: CV2006000602
13  SIMMONS, husband and wife        )
                    Plaintiffs,      )   **SUMMONS**
14                                   )
15         vs.                       )   **(Wrongful Death of Jasper Simmons)**
                                     )
16  NAVAJO COUNTY, STATE OF ARIZONA; )   **Tort; Non-Motor Vehicle TORT**
17  NAVAJO COUNTY BOARD OF           )
    SUPERIVISORS, GOVERNING BOARD OF )
18  NAVAJO COUNTY, ARIZONA; GARY     )
19  BUTLER, Sheriff of Navajo County; DAVID )
    BURKE, Jail Commander, Navajo County; )
20  LIEUTENANT REYNOLDS, Navajo County; )
21  SERGEANT A. WARREN, Navajo County; )
    DETENTION OFFICER J. STUMP, Navajo )
22  County; DETENTION OFFICER T.     )
23  ROBINSON, JR., Navajo County;    )
    DETENTION OFFICER R. RATCLIFF,   )
24  Navajo County; DETENTION OFFICER M. )
25  NABORS, Navajo County; DETENTION )
    OFFICER M. CRANDELL, Navajo County; )
26  DETENTION OFFICER D. PETERSON,   )
27  Navajo County; NURSE DEBORAH JONES )
    AND STAFF, Navajo County; DR.    )
28  KARTCHNER AND STAFF, Director,   )
29  Navajo County Public Health Services, Navajo )
    County; and NURSE GENIE GREASON, )
30  Navajo County,                   )
                    Defendants.      )

**THE STATE OF ARIZONA TO THE DEFENDANT:**
NAVAJO COUNTY BOARD OF SUPERVISORS, GOVERNING BOARD OF
NAVAJO COUNTY, ARIZONA

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the day of service.  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail within the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  **RCP 4; ARS §§20-222, 28-502, 28-503.**
**YOU ARE HEREBY NOTIFIED** that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.
**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.  **RCP 10(D); ARS §12-311; RCP 5.**
Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least three (3) working days in advance of a scheduled court proceeding.

The name and address of plaintiff's attorney is:

John Trebon
JOHN TREBON, P.C.
308 N. Agassiz
Flagstaff, Arizona  86001
(928) 779-1713

**SIGNED AND SEALED this date:** 2|17|06

Clerk *Juanita Mann*

By *Charalee A. Perkins*
Deputy Clerk

**JOHN TREBON**
**JOHN TREBON, P.C.**
308 N. Agassiz
Flagstaff, Arizona 86001
(928) 779-1713

Attorney for Plaintiffs
AZ. State Bar No. 005375

CONFORMED COPY OF ORIGINAL

FEB 17 2006

NAVAJO COUNTY SUPERIOR COURT
JUANITA MANN CLERK

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF NAVAJO

| | |
|---|---|
| WESLEY SIMMONS and SHARON SIMMONS, husband and wife<br>Plaintiffs,<br><br>vs.<br><br>NAVAJO COUNTY, STATE OF ARIZONA; NAVAJO COUNTY BOARD OF SUPERVISORS, GOVERNING BOARD OF NAVAJO COUNTY, ARIZONA; GARY BUTLER, Sheriff of Navajo County; DAVID BURKE, Jail Commander, Navajo County; LIEUTENANT REYNOLDS, Navajo County; SERGEANT A. WARREN, Navajo County; DETENTION OFFICER J. STUMP, Navajo County; DETENTION OFFICER T. ROBINSON, JR., Navajo County; DETENTION OFFICER R. RATCLIFF, Navajo County; DETENTION OFFICER M. NABORS, Navajo County; DETENTION OFFICER M. CRANDELL, Navajo County; DETENTION OFFICER D. PETERSON, Navajo County; NURSE DEBORAH JONES AND STAFF, Navajo County; DR. KARTCHNER AND STAFF, Director, Navajo County Public Health Services, Navajo County; and NURSE GENIE GREASON, Navajo County,<br>Defendants. | Case No.: CV 2006 0062<br><br>**COMPLAINT**<br><br>**(Wrongful Death of Jasper Simmons)**<br><br>**Tort; Non-Motor Vehicle TORT** |

In support of their Complaint, the Plaintiffs allege and state:

## INTRODUCTION

1.     An action is hereby instituted for damages against Navajo County, State of Arizona, and it's employees, officers, and agents, the Navajo County Sheriff, his employees and agents, and the Director of the Navajo County Health Services, his agents and employees, for the wrongful death of Jasper Simmons, (date of birth- 12/07/87), the violations of his civil and constitutional rights, and for State tort causes of actions, including negligence and gross negligence. Mr. Simmons died as a result of a suicide while he was a ward of the Defendants; but only after his suicide-prone condition was well known.

## PLAINTIFFS

2.     The Plaintiffs, Wesley Simmons and Sharon Simmons, husband and wife, are the natural father and mother of Jasper Simmons, who died while in the custody of Navajo County on or about July 2, 2005 in Holbrook, Navajo County, Arizona. The Plaintiffs, Wesley Simmons and Sharon Simmons, reside in Navajo County, Arizona.

## DEFENDANTS AND GENERAL DUTIES

3.     The individual Defendants named above are employees of Navajo County, Arizona, and provided care, control, and supervision of inmates at the Navajo County Jail. All of the Navajo County employees were acting within the course and scope of their employment at all times relevant to this complaint, but are necessarily named as individual Defendants as well. Navajo County is a political subdivision of the State of Arizona.

4.     Gary Butler is the elected Sheriff of Navajo County and is the chief administrator and executive officer of the Navajo County Jail and the Navajo County Sheriff's Office. He and his staff are responsible for the management and the operation of the Navajo County Jail in Holbrook, Arizona, at all times relevant to this case. Gary Butler was responsible for the welfare of all inmates at the Navajo County Jail. Mr. Butler was also responsible for supervising other employees and for ensuring that all Navajo County jail policies and regulations were properly implemented for the benefit and safety of the inmates in the jail.

5.      The Navajo County Board of Supervisors is the governing body of Navajo County, Arizona, and is named as the legal entity supervising and operating the Navajo County Jail. Ultimately, the Navajo County Board of Supervisors is responsible for the Navajo County Jail. The Navajo County Board of Supervisors was responsible for the welfare of all inmates at the Navajo County Jail, as well as, ensuring that the policies and regulations of the Navajo County Jail were properly implemented for the benefit and safety of the inmates in the jail.

6.      Upon information and belief, David Burke is the Jail Commander of the Navajo County Jail in Holbrook, Arizona. He is an employee of Navajo County, Arizona. At all times relevant to this complaint, he and his staff and his superiors were responsible for the operation of the Navajo County Jail in Holbrook, Navajo County, Arizona. David Burke was responsible for the welfare of all inmates at the Navajo County Jail. He was responsible for properly implementing the Navajo County Jail policies and regulations for protecting the safety and welfare of the inmates of the jail.

7.      Lieutenant Reynolds is an employee of Navajo County Arizona. At all times relevant to this complaint, he was in charge of supervising and caring for inmates in the Navajo County Jail, including Jasper Simmons.  He was also responsible for supervising other employees who provided direct care and treatment to Jasper Simmons and for ensuring that the polices and regulations of the jail were properly implemented for protecting the health and welfare of the inmates at the jail.

8.      Sergeant A. Warren is an employee of Navajo County Arizona. At all times relevant to this complaint, Sergeant A. Warren was responsible for supervising and caring for inmates in the Navajo County Jail, including Jasper Simmons. He was also responsible for supervising other employees who provided direct care and treatment to Jasper Simmons and for ensuring that the polices and regulations of the jail were properly implemented for protecting the health and welfare of the inmates at the jail.

9.      Detention Officer J. Stump is an employee of Navajo County Arizona. At all times relevant to this complaint, Detention Officer J. Stump was responsible for supervising and caring for inmates in the Navajo County Jail, including Jasper Simmons. He was also responsible for properly implementing the Navajo County Jail policies and regulations for protecting the health and safety of the inmates at the jail.

10.     Detention Officer T. Robinson, Jr. is an employee of Navajo County Arizona. At all times relevant to this complaint, Detention Officer T. Robinson, Jr. was responsible for supervising and caring for inmates in the Navajo County Jail, including Jasper Simmons. He was also responsible for properly implementing the Navajo County Jail policies and regulations for protecting the health and safety of the inmates at the jail.

11.     Detention Officer R. Ratcliff is an employee of Navajo County Arizona. At all times relevant to this complaint, Detention Officer R. Ratcliff was responsible for supervising and caring for inmates in the Navajo County Jail, including Jasper Simmons. He was also responsible for properly implementing the Navajo County Jail policies and regulations for protecting the health and safety of the inmates at the jail.

12.     Detention Officer M. Nabors is an employee of Navajo County Arizona. At all times relevant to this complaint, Detention Officer M. Nabors was responsible for supervising and caring for inmates in the Navajo County Jail, including Jasper Simmons. He was also responsible for properly implementing the Navajo County Jail policies and regulations for protecting the health and safety of the inmates at the jail.

13.     Detention Officer M. Crandell is an employee of Navajo County Arizona. At all times relevant to this complaint, Detention Officer M. Crandell was responsible for supervising and caring for inmates in the Navajo County Jail, including Jasper Simmons. He was also responsible for properly implementing the Navajo County Jail policies and regulations for protecting the health and safety of the inmates at the jail.

14.     Detention Officer D. Peterson is an employee of Navajo County Arizona. At all times relevant to this complaint, Detention Officer D. Peterson was responsible for supervising and caring for inmates in the Navajo County Jail, including Jasper Simmons. He was also responsible for properly implementing the Navajo County Jail policies and regulations for protecting the health and safety of the inmates at the jail.

15.     Dr. Kartchner is the Director of Navajo County Public Health Services in Holbrook, Navajo County Arizona. Dr. Kartchner and his staff were responsible for providing medical and mental health care to inmates at the Navajo County Jail, including Jasper Simmons, at all times relevant to this complaint. Dr. Kartchner was also responsible for properly applying policies and regulations of the Navajo County Jail related to the medical and mental health care of the inmates in the Navajo County Jail and to ensure their safety.

16.     Nurse Deborah Jones and staff, Navajo County Public Health Services, were responsible for providing medical and mental health care to inmates at the Navajo County Jail, including Jasper Simmons, at all times relevant to this complaint. She and the staff of the Navajo County Public Health Services were responsible for effectively applying Navajo County Jail policies and regulations relating to medical and mental health care administered to inmates at the jail and to ensure their safety.

17.     Nurse Genie Greason, Navajo County Public Health Services, was responsible for providing medical and mental health care to inmates at the Navajo County Jail, including Jasper Simmons, at all times relevant to this complaint. She was responsible for effectively applying Navajo County Jail policies and to ensure the safety of inmates.

## FACTUAL ALLEGATIONS AND SPECIFIC DUTIES

18.     The events described in this complaint occurred in Navajo County, Arizona, between May 20, 2005 and July 2, 2005. Neither absolute immunity nor qualified immunity applies to this action. See A.R.S.§12-820.01 and §12-820.02. Nevertheless, both negligence and gross negligence are alleged in the alternative for all tort claims. All of the Defendants were acting under the color of law within the circumstances of this case.

19.     This Court has both jurisdiction and venue over this action. During the first week of November, 2005, the Plaintiffs served a formal claim upon all of the defendants named in this action in accordance with Arizona law. All conditions precedent to this lawsuit, including exhaustion of formal claims, has been timely completed. None of the Defendants have provided any response whatsoever to the claim asserted by the Plaintiffs. The Claim, therefore, has been denied by operation of law. A.R.S. §12-821.01(E).

20.     On or about May 20, 2005, Jasper Simmons, age 17, was arrested and placed into the custody of Navajo County. The charges against Mr. Simmons were quickly transferred from the Navajo County Juvenile Court to Adult Court (Navajo County Superior Court) based on the charges against him. As a result, he was transferred from Juvenile Detention to Adult Detention at the Navajo County Jail as a minor.

21.     Initial inmate assessment was completed regarding Jasper Simmons on May 21, 2005. On May 28, 2005, Jasper Simmons attempted to commit suicide. Mr. Simmons cut his wrist with a razor blade that had previously been furnished to him by the jail, but not retrieved by

jail staff (the Defendants) after its proper use was completed. Mr. Simmons reported that he retained the razor blade since "last Wednesday".

22.   Mr. Simmons received medical attention, including bandages for the wounds found on his wrists, but was not taken to the hospital or a medical care facility. He was placed on suicide watch, Level One. Mr. Simmons had reported that he had retained the razor blade for a significant period of time after it was given to him by staff at the Navajo County Jail.

23.   Policy 11-8-20, effective August 1, 1998, Navajo County Sheriff's Office, Policy and Procedure relating to Navajo County Jail, entitled Suicide Prevention and Intervention, requires the jail staff and the Defendants to identify suicide-prone inmates and to closely supervise those inmates. The policy of Navajo County also requires on-going staff training in the implementation of suicide prevention and intervention techniques and action.

24.   In order for Navajo County Jail staff and Defendants to identify suicide-prone inmates in conjunction with the implementation of Policy 11-8-20, they must be trained to recognize and, in fact, recognize that recent suicide attempts are a strong indication that an inmate poses a suicide risk and requires close supervision.

25.   In order for Navajo County Jail staff and Defendants to identify suicide-prone inmates in conjunction with the implementation of Policy 11-8-20, they must be trained to recognize and, in fact, recognize that a suicidal threat or the revelation of a suicide plan is a strong indication that an inmate poses a suicide risk and requires close supervision.

26.   In addition to the above, Navajo County staff and Defendants are or should be trained to recognize and, in fact, recognize that secondary indications of a suicide-prone inmate include an overly emotional response to incarceration, crying or tearful behavior, depression, feelings of guilt, shame, or embarrassment, and alcohol or drug withdrawal.

27.   Navajo County and its employees and Defendants did recognize or should have recognized that first-time juvenile offenders are known as a high risk group to be suicide-prone inmates, which must be closely supervised.

28.   Navajo County and its employees and Defendants did recognize or should have recognized that first-time offenders charged with crimes as Jasper Simmons, are recognized as a high risk group to be suicide-prone inmates, which must be closely supervised.

29.   Policy 11-8-20 requires close supervision of suicide-prone inmates, including the careful removal of all razors and razor blades from the inmates' detention room or cell.

30.    Policy 11-8-20 of Navajo County requires Navajo County employees and Defendants to ensure that no belongings exist in the cell or room of a suicide-prone inmate except limited bed items, authorized library books, hygiene items under supervision only, and eye glasses during limited parts of the day or night.

31.    Policy 11-8-20 requires that the Defendants and medical and mental health staff of the Navajo County Jail, or private health care providers supervised and utilized by the Navajo County Jail, must continuously document the onset, continuance, and removal of an inmate on a suicide watch in the inmate's social file and/or medical chart.

32.    While an inmate is on suicide watch, the Defendants must document the inmate's behavior every fifteen minutes or more often. The documentation includes a summary of activities from observation, changes in behavior, etc.

33.    The medical and mental health staff employed or utilized by the Navajo County Jail and its employees (Defendants) must evaluate a suicide-prone inmate at least once a day. All evaluations by mental health staff or independent contractors must be competed through a Face-to-Face Evaluation and should be done every twenty-four hours.

34.    If an inmate needs more protective measures, the mental health staff employed by Navajo County and the Defendants must make arrangements for a more appropriate facility.

35.    The official policy of the Navajo County and the Defendants relating to suicide watch, Level One, expressly recognizes that Level One is designed for inmates who represent an imminent danger to themselves. Navajo County Employees and Defendants have a duty to protect an inmate from inflicting injury to himself, especially suicide.

36.    The official policy of the Navajo County and the Defendants relating to suicide watch, Level One, expressly recognizes that Level One requires an inmate to be housed in a cell monitored with a camera for constant observation.

37.    The official policy of the Navajo County and the Defendants relating to suicide watch, Level One, expressly recognizes that Level One requires that all razors must be removed from the inmate's cell, and the visitation room.

38.    While an inmate is on suicide watch, Level One, Navajo County and its employees (Defendants) must provide constant supervision. A Detention Officer or Sergeant on duty must document the inmate's behavior every fifteen minutes or more often. The documentation must include notation of activities, observations, changes in behavior, etc.

39.   Medical health staff or independent contactors utilized by Navajo County and the Defendants must evaluate the inmate in a face-to-face session at least once a day while the inmate is on suicide watch, Level One.

40.   On June 3, 2005, Navajo County utilized the assistance of the Community Counseling Center, Inc., a private non-profit agency, to conduct an evaluation of Mr. Simmons. Mr. Simmons reported that he was depressed, incarcerated on sexual misconduct charges, and cut his wrist on the preceding Wednesday prior to June 3, 2005. Jasper Simmons also admitted to the use of Oxicoten in the recent past and expressed feelings of remorse for his behavior.

41.   The official policy of Navajo County regarding suicide watch, Level Two, requires fifteen minute observations by the Navajo County Sheriff and his staff and Defendants every fifteen minutes or more often. The Defendants, including its agents and employees, must document the inmate's behavior every fifteen minutes or more often on an observation log sheet.

42.   The official policy of Navajo County regarding suicide watch, Level Two, requires that all extraneous items be removed from the inmate's cell, including razors, hygiene items that are not under the supervision of security staff, and other items not expressly approved by the policy of suicide watch, Level Two.

43.   The Defendants, including the medical or mental health staff, must evaluate an inmate on suicide watch, Level Two, through a face-to-face evaluation every twenty-four hour period. A written evaluation of the face-to-face evaluation must be made by the Navajo County Jail employees or independent contractors employed by Navajo County and the Defendants.

44.   On suicide watch, Level Two, Navajo County requires that an inmate be held in a holding cell adjacent to the booking desk at night and that the suicide-prone inmate be held during the day in a medical cell, which must allow constant supervision and observation of the inmate.

45.   If the inmate's behavior on suicide watch, Level Two, indicates emotional stability for a twenty-four period, the inmate may progress from Level Two to Level Three suicide watch. Mr. Jasper Simmons never progressed to Level Three. Level Three requires documented observations for the welfare of the inmate at least every 30 minutes.

46.   Jasper Simmons was administratively transferred from suicide watch, Level One, to suicide watch Level Two, on June 9, 2005. Mr. Simmons remained on suicide watch, Level Two, until his untimely death on July 2, 2005.

47.     On June 10, 2005, personnel of the Community Counseling Center completed a face-to-face mental health evaluation of Jasper Simmons for Navajo County and the Defendants. Once again, Mr. Simmons expressed remorse and regret for actions that led to his incarceration. Mr. Jasper Simmons was then crying and found it hard to sleep. Mr. Simmons continued to be remorseful. The Community Counseling Center documented recent poly-substance abuse and an unstable mood pattern on the part of Mr. Simmons. Jasper Simmons continued to be placed on suicide watch, Level Two.

48.     Jasper Simmons was also provided with medication for his mental difficulties while in the Navajo County Jail. He received additional face-to-face mental health evaluations on June 17, 2005 and June 24, 2005. As a result, he remained on suicide watch, Level Two, until his untimely death on July 2, 2005.

49.     Upon information and belief, Jasper Simmons, was not consistently provided with face-to-face mental health evaluations on a daily basis while he was on suicide watch, Levels One and Two.

50.     After the suicide attempt on the part of Jasper Simmons on May 28, 2005, Mr. Simmons was not only placed on suicide watch, Level One, but his wounds were cleaned and dressed with medical bandages.

51.     On June 3, 2005, the bandages or dressing on Mr. Simmons' left wrist were changed. Yet, Mr. Simmons was continued on suicide watch by Dr. Jones, acting on behalf of Navajo County and the Defendants.

52.     On June 9, 2005, the bandage on the left wrist of Mr. Simmons was found to be clean. No infection was found on his wrist.

53.     By June 16, 2005, the wound on the left wrist of Mr. Simmons had completely scabbed over and no additional need existed for ointment or dressing. Mr. Simmons was continued on suicide watch, Level Two. Navajo County and the Defendants affirmatively decided to continue Mr. Simmons on suicide watch, Level Two, until after his case management conference before Judge Lamb took place on July 19, 2005.

54.     Upon information and belief, Mr. Simmons was actually held in the old medical cell in the old portion of the Navajo County Jail in Holbrook, Arizona, that did not allow constant observation of Mr. Simmons.

55.    On July 2, 2005, upon information and belief, only six guards or detention officers were working in the Navajo County Jail. The staff of the Navajo County Jail on July 2, 2005, was not adequately or fully staffed.

56.    Upon information and belief, six guards were supervising several hundred inmates at the Navajo County Jail on July 2, 2005.

57.    Upon information and belief, the Navajo County and the Defendants did not expend significant effort to obtain additional personnel or transfer any other employees from the Navajo County Sheriff's Office to assist in the jail.

58.    Although personal observation of Mr. Simmons was mandated at least every fifteen minutes while he was on suicide watch, Level Two, which must be documented on a door roster observation sheet, the records for July 2, 2005 of Navajo County, Arizona, only show three observations for the entire 8-hour shift preceding the death of Jasper Simmons.

59.    The body of Jasper Simmons was discovered in his cell at approximately 5:46 p.m. on July 2, 2005. During the eight hour shift preceding his death, however, it appears that only two "fifteen minute checks" were made at 3:50 p.m. and 4:35 p.m. by Sergeant Warren, Officer No. 2123. Navajo County and its employees grossly failed to abide by its own policies. The Defendants did not provide prudent observation of the young inmate who was admittedly a suicide risk, namely Jasper Simmons.

60.    Navajo County policy 11-8-20 established that first-offenders, like Jasper Simmons, are generally considered to be high suicide risks. Of course, there is no doubt that Jasper Simmons was considered to be a high suicide risk after his suicide attempt on May 28, 2005. Mr. Simmons was depressed, was not allowed significant physical exercise or activity outside of his cell, was held on a substantial bond, was apparently very remorseful and sad, and was in need of constant observation.

61.    In spite of the fact that the Navajo County Jail was not adequately staffed on July 2, 2005, two employees reportedly left the jail before their shift ended on July 2, 2005. Upon information and belief, Detention Officer J. Stump received permission from Officer Robinson to leave early at approximately 5:40 p.m. Upon information and belief, Sergeant Warren left the jail at approximately the same time.

62.    Yet, upon information and belief, Sergeant Warren was apparently not able to complete additional welfare checks on inmate Simmons or others because Nurse Genie Greason

had reportedly left the door open between the jail (A-pod) and the nurses' office where medical supplies were kept. Some type of tray with medical supplies was unsecured and some medical supplies were missing. As a result, Sergeant Warren was tied up helping the nurse account for and retrieve medical supplies. Yet, no other employee was asked to check on Jasper Simmons. He was left unmonitored.

63.    By the time that Mr. Simmons' body was found hanging in his cell, he was purple and cold to the touch. He had obviously been dead for a significant period of time.

64.    Mr. Simmons had not been checked for over one hour prior to the successful suicide event.

65.    Mr. Simmons hung himself with approximately "four feet of gauze" that had previously been used as the bandage for the cuts on his wrist. The dressing on his wrist was not needed as bandage material since June 16, 2005, more then two weeks prior to the suicide event. Mr. Simmons used the bandage material as a rope to commit suicide while he was on suicide watch, Level Two, at the Navajo County Jail, Navajo County, Arizona.

66.    Upon information and belief, the Defendants, including their agents and employees, did not provide adequate observation and welfare checks on Mr. Simmons.

67.    Upon information and belief, the Defendants, including their agents and employees, did not subject Mr. Simmons nor his cell to adequate searches on a regular basis in order to remove unnecessary items and to closely monitor personal hygiene items, including a used razor blade and gauze bandages.

68.    Upon information and belief, Mr. Simmons was placed in an inadequate cell where constant observation could not be provided by the Defendants in an effective manner.

69.    Based upon information and belief, Mr. Simmons did not receive a face-to-face evaluation every twenty-four hours as required by Navajo County policy,

70.    The event that occurred on July 2, 2005, involving an open door between the nurses' station and A-pod did not excuse the failure of the Defendants, including their agents and employees, to observe, monitor, and provide welfare checks on Mr. Simmons. His safety and welfare was not adequately protected.

71.    The persons or parties identified and named above in this complaint, and each of them, had a duty to provide adequate and protective monitoring to the pretrial detainee and their ward, Jasper Simmons.

72.   The Defendants, including their agents and employees, had a duty to exercise reasonable care to prevent the suicide of Jasper Simmons, but failed to do so.

73.   The Defendants, including their agents and employees, had a duty to provide adequate medical and mental health care to Jasper Simmons, but failed to do so.

74.   The Defendants, including their agents and employees, owed a duty to provide a safe and secure environment for all pretrial detainees, but breached that duty to Jasper Simmons.

75.   The Defendants, including their agents and employees, owed a duty to provide reasonably prudent care and protection to minor pretrial detainees, including Jasper Simmons.

76.   The Defendants, including their agents and employees, owed a duty to protect first-time arrestees, despondent inmates, and/or suicide-prone inmates from suicide and the self infliction of injuries. The Defendants, including their agents and employees, breached the duty that they owed to Jasper Simmons.

77.   The Defendants, including Navajo County Public Health Service employees, and their agents, failed to properly provide mental health treatment and evaluations for Jasper Simmons pursuant to the policies and procedures of Navajo County and otherwise.

78.   The Defendants, including their agents and employees, were deliberately indifferent to the safety of Jasper Simmons as a high-risk suicide detainee. As a result, the civil rights of Mr. Simmons were violated. The Defendants consciously failed to supervise, monitor, and observe Jasper Simmons.

79.   The qualified immunity Statue in Arizona, A.R.S. §12-820.02(A) does not apply to an inmate's suicide. Nevertheless, in the alternative, the claimants allege that the Defendants, including their agents and employees, were grossly negligent.

80.   A "special relationship" existed between the Defendants, including their agents and employees, and Jasper Simmons. Mr. Simmons was the ward of the Defendants.

81.   The policies and procedures of Navajo County relating to suicide watches and the supervision of suicide-prone inmates endorsed a minimum standard of care that Navajo County, including their agents and employees, were required to provide to Jasper Simmons as a Navajo County inmate in the Navajo County Jail. A violation of the Navajo County polices and regulations relating to the care and supervision of suicide-prone inmates constitutes negligence per se.

82.     Upon information and belief, the Defendants, including their agents and employees, failed to train detention officers to strictly follow the policies and regulations of Navajo County relating to the care and supervision of suicide-prone inmates such as Jasper Simmons.

83.     Upon information and belief, the Defendants, including their agents and employees, failed to supervise detention officers to strictly follow the policies and regulations of Navajo County relating to the care and supervision of suicide-prone inmates such as Jasper Simmons.

84.     The Defendants, including their agents and employees, engaged in a pattern of failing to follow the policies and regulations of Navajo County on a regular basis, which effectively constituted a pattern, practice, or policy of Navajo County (due to staff shortages or otherwise).

85.     The Defendants, including their agents and employees, had recognized that Jasper Simmons posed a suicide risk. A successful suicide was clearly foreseeable under the circumstances of this case.

86.     Jasper Simmons committed suicide as a proximate result of the failures of the Defendants as set forth in this Complaint.

87.     As a result of the untimely death of Jasper Simmons, the Plaintiffs have lost their son and suffered loss of love, affection, companionship, personal anguish, sorrow, pain, shock, and grief. They have incurred modest funeral costs and lost future economic support. *See* A.R.S. §12-612, *et. seq.* (wrongful death).

## LEGAL CLAIMS

### Count One

### NEGLIGENCE

88.     The previous allegations of this complaint are included herein by reference.

89.     The Defendants, including their agents and employees, negligently failed to provide reasonable care under the circumstances of this case to Jasper Simmons.

**Count Two**

**NEGLIGENCE**

90.   The previous allegations of this complaint are included herein by reference.

91.   The Defendants, including their agents and employees, negligently failed to properly monitor, supervise, observe, and provide for the safety of Jasper Simmons. In the alternative, the Plaintiffs allege gross negligence.

**Count Three**

**NEGLIGENCE**

92.   The previous allegations of this complaint are included herein by reference.

93.   The Defendants, including their agents and employees, negligently failed to adequately train Navajo County Jail Personnel including agents and employees, and Health Services employees, to monitor and safely supervise suicide-prone inmates. In the alternative, the Plaintiffs allege gross negligence.

**Count Four**

**NEGLIGENCE**

94.   The previous allegations of this complaint are included herein by reference.

95.   The Defendants, including their agents and employees, owed a duty to provide Jasper Simmons with adequate physical and mental health care, but negligently failed to do so. In the alternative, the Plaintiffs allege gross negligence.

**Count Five**

**NEGLIGENCE**

96.   The previous allegations of this complaint are included herein by reference.

97.   The Defendants including their agents and employees, failed to adequately abide by their own polices and regulations, which constitutes negligence *per se*. In the alternative, the Defendants failed to do so with gross negligence.

### Count Six

### NEGLIGENCE

98.     The previous allegations of this complaint are included herein by reference.

99.     The Defendants, including their agents and employees, negligently failed to adequately staff the Navajo County Jail where Jasper Simmons was incarcerated so that the provisions of Suicide Watch, Level Two, would be successfully carried out. In the alternative, the Plaintiffs allege gross negligence.

### Count Seven

### CIVIL RIGHTS VIOLATION

100.    The previous allegations of this complaint are included herein by reference.

101.    The Defendants, including their agents and employees, were deliberately indifferent to the mental and physical care and the special needs of Jasper Simmons, which ultimately led to his untimely death by suicide.

102.    The constitutional rights of Jasper Simmons under the Fourth Amendment (reasonable conditions of seizure), Fifth, Eighth, and Fourteenth (due process) Amendments to the U.S. Constitution were violated. *See* Title 42 U.S.C. §1983, *et. seq.*

### Count Eight

### CIVIL RIGHTS VIOLATION

103.    The previous allegations of this complaint are included herein by reference.

104.    The Defendants, including their agents and employees, were deliberately indifferent to the life and safety of Jasper Simmons by not properly and adequately training jail personnel to observe, monitor, and supervise suicide-prone inmates such as Jasper Simmons at the Navajo County Jail in Holbrook, Arizona.

## Count Nine

## CIVIL RIGHTS VIOLATION

105.    The previous allegations of this complaint are included herein by reference.

106.    The Defendants, including their agents and employees, were deliberately indifferent to the welfare of Jasper Simmons by not adequately staffing the jail so that Jasper Simmons could be monitored closely.

## Count Ten

## CIVIL RIGHTS VIOLATION

107.    The previous allegations of this complaint are included herein by reference.

108.    The Defendants, including their agents and employees, failed to design and construct the new jail in Holbrook, Navajo County, Arizona, which was built after January 26, 1993, to be readily usable by suicide-prone (depressed and/or disturbed and/or mentally ill inmates) inmates, which constitutes a disability. The need for an adequate suicide-prevention cell is identified and required by Navajo County policies.

109.    The Defendants including their agents and employees failed to make an alteration to the maximum extent possible to make the jail safe and usable by minor suicide-prone inmates, such as Jasper Simmons.

110.    As a result, Jasper Simmons was not adequately monitored and supervised as required by reasonable standards of care and Navajo County policy.

111.    The Navajo County Jail where Mr. Jasper Simmons was incarcerated did not comply with the Americans with Disabilities Act and applicable Arizona law.

## Count Eleven

## CIVIL RIGHTS VIOLATION

112.    The previous allegations of this complaint are included herein by reference.

113.    Mr. Jasper Simmons suffered discrimination on the basis of disability in the full and equal enjoyment of services and facility advantages and accommodation because of his placement in and inadequate suicide-prevention cell by Defendants, including their agents and employees. *See* A.R.S. §41-4192.02.

114.   Jasper Simmons was not adequately provided housing accommodations, etc., as a result of his placement in the old medical cell in the old portion of the Navajo County Jail in Holbrook, Arizona. *See*, A.R.S. §41-1492.08(C)(private right of action).

## RELIEF REQUESTED

115.   Plaintiffs request reasonable damages and attorney-fees. A wrongful death action is authorized by A.R.S. §§12-611, *et. seq.*

116.   PLAINTIFFS REQUEST A JURY TRIAL

The Plaintiffs demand judgment against the Defendants and each of them in a sum to be established for the wrongful death, negligence claims, and civil rights violations of Jasper Simmons. The Plaintiffs also request attorney's fees and costs plus interest from the date of the death of Jasper Simmons.

Respectfully submitted this _____ 16 day of February, 2006,

By:_____
John Trebon
Attorney for Plaintiffs

The original and two copies of the foregoing
were mailed this ⎱⎰ day of February, 2006 to:

Clerk of Court
Navajo County Superior Court
P.O. Box 668
Holbrook, AZ 86001

And a copy to:

Wesley and Sharon Simmons

By: _____
        S. Bollhoefer

CONFORMED COPY OF ORIGINAL

FED 22 2006

NAVAJO COUNTY SUPERIOR COURT
JUANITA MANN CLERK

1  **JOHN TREBON**
   **JOHN TREBON, P.C.**
2  308 N. Agassiz
3  Flagstaff, Arizona 86001
   (928) 779-1713
4
5  Attorney for Plaintiffs
   AZ. State Bar No. 005375
6
7
8          IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9            IN AND FOR THE COUNTY OF NAVAJO
10
11
12  WESLEY SIMMONS and SHARON        )  Case No. CV 20060062
    SIMMONS, husband and wife        )
13          Plaintiffs,              )  **CERTIFICATE OF COMPULSORY**
                                     )  **ARBITRATION**
14                                   )
    vs.                              )  **(Wrongful Death of Jasper Simmons)**
15                                   )
    NAVAJO COUNTY, STATE OF ARIZONA; )
16  NAVAJO COUNTY BOARD OF           )  **Tort; Non-Motor Vehicle TORT**
    SUPERIVISORS, GOVERNING BOARD OF )
17  NAVAJO COUNTY, ARIZONA; GARY     )
18  BUTLER, Sheriff of Navajo County; DAVID )
    BURKE, Jail Commander, Navajo County;   )
19  LIEUTENANT REYNOLDS, Navajo County; )
20  SERGEANT A. WARREN, Navajo County;  )
    DETENTION OFFICER J. STUMP, Navajo  )
21  County; DETENTION OFFICER T.        )
22  ROBINSON, JR., Navajo County;       )
    DETENTION OFFICER R. RATCLIFF,      )
23  Navajo County; DETENTION OFFICER M. )
24  NABORS, Navajo County; DETENTION    )
    OFFICER M. CRANDELL, Navajo County; )
25  DETENTION OFFICER D. PETERSON,      )
26  Navajo County; NURSE DEBORAH JONES  )
    AND STAFF, Navajo County; DR.       )
27  KARTCHNER AND STAFF, Director,      )
    Navajo County Public Health Services, Navajo )
28  County; and NURSE GENIE GREASON,    )
29  Navajo County,                      )
             Defendants.               )
30

The undersigned certifies the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs DOES exceed limits set by Local Rule for compulsory arbitration.  This case IS not subject to the Uniform Rules of Procedure for Arbitration.

Respectfully submitted this _____ day of February, 2006,

By:_____
John Trebon
Attorney for Plaintiffs

1 | The original and two copies of the foregoing
2 | were mailed this 21 day of February, 2006 to:

3 | Clerk of Court
    Navajo County Superior Court
4 | P.O. Box 668
    Holbrook, AZ 86001
5 |

6 | And a copy to:

7 | James Jellison
8 | Schleier, Jellison & Schleier
    3101 North Central Ave., Ste. 1090
9 | Phoenix, AZ 85012

10 | Wesley and Sharon Simmons

11 |
12 | By: _S. Bollhoefer_
        S. Bollhoefer