**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wesley Simmons and Sharon Simmons, husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>Navajo County, State of Arizona, et al.,<br><br>    Defendants. | No. CV-06-701-PCT-DGC<br><br>**ORDER** |

Defendants have filed a motion for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Doc. #6. Plaintiffs have filed a response and Defendants have filed a reply. Docs. ##9-10. For the reasons set forth below, the Court will deny the motion.

**I.    Background.**

Plaintiffs allege that negligence and civil rights violations caused the wrongful death of their son, Jasper Simmons, by suicide, while he was detained at the Navajo County Jail. Doc. #1, Ex. A ¶ 1. Plaintiffs have named Navajo County and its governing board, the county sheriff, the county jail commander, eight officers employed at the jail, and jail medical staff personnel as Defendants. *Id.* at ¶¶3-17.

Plaintiffs allege that Jasper Simmons died on July 2, 2005, while on suicide watch at the jail. *Id.* at ¶¶46, 65. Plaintiffs further allege that (1) their son hung himself with medical gauze, (2) his cell had not been adequately searched because the gauze used for the suicide had last been used two weeks earlier, (3) jail policy requires checks on suicide watch

1 detainees every fifteen minutes, (4) jail staff had last observed the decedent more than an
2 hour before he was found dead, (5) the jail was understaffed, (6) the decedent was not
3 provided an adequate suicide-prevention cell, and (7) he did not receive daily face-to-face
4 mental health evaluations. *Id.* at ¶¶ 41, 49, 51-57, 59-62, 67, 108-11.

5 **II.    Discussion.**

6 If a complaint is "so vague or ambiguous that a party cannot reasonably be required
7 to frame a responsive pleading, the [defendant] may move for a more definite statement" by
8 pointing out the defects complained of and the details desired. Fed. R. Civ. P. 12(e). A
9 complaint in federal court, however, need include only a "'short and plain statement' . . . that
10 will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which
11 it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).
12 Accordingly, motions for more definite statements are not favored and "strike at
13 unintelligibility rather than want of detail." *Resolution Trust Corp. v. Dean*, 854 F. Supp.
14 626, 649 (D. Ariz. 1994). Rule 12(e) is "'not to be used to assist in getting facts in
15 preparation for trial as such; other rules relating to discovery . . . exist for such purposes.'"
16 *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (quoting *Sheffield v. Orius Corp.*,
17 211 F.R.D. 411, 415 (D. Ore. 2002)).

18 Defendants claim that Plaintiffs have only identified one individual defendant, the
19 officer who allegedly engaged in insufficient checks, as having done something directly
20 related to the suicide. Doc. #6 at 3. Defendants request more detail as to what each
21 individual defendant did, or failed to do, that gives rise to liability. *Id.* at 5. To support this
22 request, Defendants cite *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996), in which the Ninth
23 Circuit affirmed the district court's decision to dismiss a complaint. In *McHenry*, the fifty-
24 three page complaint, after two amendments, still seemed more like a "press release, prolix
25 in evidentiary detail," than a pleading. *Id.* at 1180. The complaint did not reveal "who [was]
26 was being sued, for what relief, and on what theory, with enough detail to guide discovery."
27 *Id.* at 1178.
28 / / /

1     Plaintiffs' complaint, by contrast, complies with Rule 8(a). It contains a short and
2 plain description of the claims. The alleged facts and claims are sufficiently detailed to guide
3 discovery. Indeed, Defendants' restatement of the complaint in their motion shows that they
4 understand the claims and the allegation that each individual defendant had "supervisory
5 authority" or "some responsibility" for inmate care. *See* Doc. #6 at 2-3.

6     "[A]t the pleading stage (i.e. prior to discovery occurring) a plaintiff frequently lacks
7 the actual details concerning supervisors' interactions with employees." *McGrath v. Scott*,
8 250 F.Supp.2d 1218, 1227 (D.Ariz. 2003). Details about who acted or failed to act in
9 relation to the claims can appropriately be found through discovery. *See Resolution Trust*
10 *Corp.*, 854 F. Supp. at 649 (finding that confusion or ambiguity of individual involvement
11 in an act committed by a group could be resolved through discovery).

12     The motion for a more definite statement will be denied because Defendants can
13 reasonably frame a response to the complaint and additional detail can be obtained through
14 discovery.

15     **IT IS ORDERED** that Defendants' motion for a more definite statement (Doc. #6)
16 is **denied**.

17     DATED this 11th day of July, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge