1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   Wesley Simmons and Sharon Simmons, )     No. CV-06-701-PHX-DGC
    husband and wife,                    )
10                                        )     **ORDER**
                 Plaintiffs,             )
11                                        )
    vs.                                   )
12                                        )
                                          )
13  Navajo County, et al.,                )
                                          )
14               Defendants.             )
                                          )
15  _____)

16

17         Pending before the Court is Defendants' motion for leave to file a second amended

18  answer pursuant to Rule 15 of the Federal Rules of Civil Procedure. Dkt. #71. Plaintiffs

19  have filed a response to the motion and Defendants have filed a reply.  Dkt. ##82, 95.

20  As explained below, the Court will deny the motion.

21  **I.    Background.**

22         Plaintiffs' son committed suicide in July 2005 while detained at the Navajo County

23  Jail. Plaintiffs subsequently filed a notice of claim pursuant to A.R.S. § 12-821.01. Plaintiffs

24  demanded 20 million dollars as compensation for the loss of their son.

25         Plaintiff commenced this action by filing a complaint against Defendants in state court

26  on February 17, 2006.  The complaint asserts state law negligence claims and civil rights

27  claims under 42 U.S.C. § 1983. After removing the action to this Court, Defendants filed an

28  answer to the complaint on July 25, 2006.  Dkt. ##1, 13.

**II.      Analysis.**

The Case Management Order filed on October 4, 2006, contains the following paragraph:

> 2.      <u>Deadline for Joining Parties and Amending Pleadings</u>.  The deadline for joining parties and amending pleadings is **90 days** from the date of this Order.

Dkt. #25 ¶ 2 (emphasis in original).  The deadline for filing motions to amend was therefore January 2, 2007.

Defendants' motion to amend was filed on March 29, 2007, nearly three months after the amendment deadline.  Defendants' motion never mentions the deadline or the fact that the motion is untimely.  Defendants' reply, filed after Plaintiffs have emphasized the deadline, states that "Plaintiffs' concern over the 'deadline' issue is akin to a claim for delay[.]"  Dkt. #95 at 3.  Defendants cite *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1983), for the proposition that "'delay, by itself, is insufficient to justify denial of leave to amend.'"  *Id.*

Defendants' reliance on *DCD Programs* is misplaced.  *DCD Programs* involved the application of Rule 15(a)'s liberal amendment standard.  That is not the standard to be applied in resolving this motion.  Defendants' motion to amend was filed after the deadline set by the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure.  A deadline established under Rule 16 "shall not be modified except upon a showing of good cause[.]"  Fed. R. Civ. P. 16(b).  The "good cause" requirement under Rule 16(b) is not the same as the amendment standard under Rule 15(a).  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Id.*

Defendants seek to amend their answer to assert insufficiency of notice of claim as an affirmative defense.  Dkt. #71 at 3.  Arizona's notice of claim statute, A.R.S. § 12-821.01, requires persons asserting claims against a public entity or employee to file a notice of claim

1   within 180 days of the claim's accrual.  A.R.S. § 12-821.01(A).  The notice must contain both
2   "a specific amount for which the claim can be settled and the facts supporting that amount."
3   *Id.*

4          Defendants contend that at the time they filed their answer, the issue of whether
5   Plaintiffs' notice of claim satisfied § 12-821.01(A) was controlled by *Young v. City of*
6   *Scottsdale*, 970 P.2d 942 (Ariz. Ct. App. 1998).  Dkt. #95 at 4.  In *Young*, the Arizona Court
7   of Appeals held that the "specific amount" requirement in § 12-821.01(A) is satisfied where
8   the notice of claim contains a "reasonable estimate of the value of the claim."  970 P.2d at
9   946.  The Arizona Supreme Court recently disapproved the reasonableness standard applied
10  in *Young*.  In *Deer Valley Unified School District No. 97 v. Houser*, 152 P.3d 409 (Ariz.
11  2007), the Supreme Court concluded that a reasonableness standard was irreconcilable with
12  the explicit language of § 12-821.01(A) requiring a "specific amount for which the claim can
13  be settled."  *Id.* at 496.  Defendants contend that *Houser* brought the insufficiency of notice
14  of claim defense "back to life" under the fact of this case.  Dkt. #95 at 4-5.

15         The Court disagrees.  Defendants do not dispute that Plaintiffs' notice of claim contains
16  a specific amount for which the claim can be settled – 20 million dollars.  Dkt. #71 at 4.
17  Rather, Defendants contend that the notice does not provide any facts to support this amount.
18  *Id.* at 5.  Defendants state that this is exactly what *Houser* found insufficient under § 12-
19  821.01(A).  *Id.* at 7.  To the contrary, *Houser* explicitly declined to address the issue of
20  whether the notice of claim in question provided facts supporting the amount claimed because
21  the notice, unlike Plaintiffs' notice in this case, did not contain a specific amount.  *Houser*,
22  152 P.3d at 494 n.3.

23         Defendants' proposed affirmative defense was not untenable prior to *Houser*.  The
24  language of § 12-821.01(A) has not changed since the statute's enactment in 1994.  The
25  language is clear and unequivocal:  A notice of claim "shall . . . contain a specific amount for
26  which the claim can be settled and *the facts supporting that amount*."  A.R.S. § 12-821.01(A)
27  (emphasis added).  Indeed, Defendants argue in their motion that the defense they seek to add
28  comports with cases decided by Arizona courts in 1996 and earlier.  Dkt. #71 at 6.

1    "Good cause" exists when a deadline "cannot reasonably be met despite the diligence

2    of the parties seeking the extension."  Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983

3    Am.); *see Johnson*, 975 F.2d at 609.  Defendants filed their initial answer on July 25, 2006.

4    Dkt. #13.   Defendants had ample time to amend their answer to assert the proposed

5    affirmative defense prior to the deadline of January 2, 2007. *Houser* did not represent the sea

6    change Defendants suggest and Defendants therefore have not met their burden of establishing

7    good cause.

8         Defendants argue that Plaintiffs will not be prejudiced by the untimely amendment.

9    Whether or not this is true, prejudice is not the relevant inquiry.  "Although the existence or

10   degree of prejudice to the party opposing the modification might supply additional reasons

11   to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

12   modification [of the Rule 16 schedule].  If that party was not diligent, the inquiry should end."

13   *Johnson*, 975 F.2d at 609 (citation omitted).[1]

14        **IT IS ORDERED** that Defendants' motion for leave to file second amended answer

15   (Dkt. #71) is **denied**.

16        DATED this 23rd day of April, 2007.

17

18

19

20   _____

21                David G. Campbell
                United States District Judge

22

23   _____

24        [1] Defendants suggest in their reply that the Court's deadline for amendments was
     uncertain and may have applied only to amendments that could be filed without leave of
25   court. Dkt. #95 at 3 n. 1. This suggestion is wrong on two counts. First, the Court's Case
     Management Order was entered several months after Defendants had answered the complaint
26   (Dkt. ## 13, 25), at a time when amendment as a matter of right was no longer available
     under Rule 15(a).  Second, the Court routinely advises parties at case management
27   conferences that they must file motions to amend before the deadline set forth in paragraph
28   2 of the Case Management Order.

- 4 -