1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9

10  Wesley Simmons and Sharon Simmons, )    No. CV-06-701-PCT-DGC
    husband and wife,                 )
11                                     )    **ORDER**
                                       )
12          Plaintiffs,                )
                                       )
13  vs.                                )
                                       )
14  Navajo County, et al.,             )
                                       )
15          Defendants.                )
                                       )
16  _____)

17          In an order dated February 6, 2008, the Court granted summary judgment in favor of

18  Defendants.  Doc. 196.  The Clerk entered judgment the same day.  Doc. 197.  Plaintiffs

19  appealed (Doc. 199), and in an opinion filed June 23, 2010, the Ninth Circuit vacated this

20  Court's summary judgment order as to the state claims but affirmed in all other respects

21  (Doc. 205-1).  The mandate issued July 15, 2010.  Doc. 205.

22          Plaintiffs have filed a motion to set aside judgment.  Doc. 206.  The motion is fully

23  briefed.  Docs. 207, 208.  Oral argument has not been requested.  For reasons stated below,

24  the Court will vacate the judgment as to the state claims and remand the case to state court.

25          Plaintiffs claim that negligence and civil rights violations caused their son's death

26  while he was detained at the Navajo County Jail.  Plaintiffs filed suit in state court against

27  Navajo County and its Board of Supervisors, the County Sheriff, nine officers employed at

28  the jail, and jail medical staff personnel.  Doc. 1 at 8-28.  Counts one through six of the

1   complaint assert state law negligence claims (*id.* ¶¶ 88-99), counts seven through nine assert

2   constitutional violations under 42 U.S.C. § 1983 (*id.* ¶¶ 100-06), and counts ten and eleven

3   assert claims of disability discrimination under the ADA and state law (*id.* ¶¶ 107-14).

4   Defendants removed the case to this Court on the basis of federal question jurisdiction.

5   Doc. 1 at 1-3.

6          The Court granted summary judgment in favor of Defendants Stump, Robinson,

7   Ratcliff, Nabors, Crandell, and Peterson on the ground that Plaintiffs had made no showing

8   of a triable issue with respect to the alleged liability of those officers.  Doc. 196 at 2-3.

9   Plaintiffs did not appeal this aspect of the Court's order, nor do they argue that the judgment

10  should be vacated in this regard.  *See* Docs. 207 at 2, 208 at 2.[1]

11         The Ninth Circuit affirmed the grant of summary judgment on the section 1983 claims

12  (Doc. 205-1 at 8-15) and the ADA disability discrimination claim (*id.* at 15-18).  The

13  judgment in favor of Defendants on those claims will not be vacated.

14         The Court granted summary judgment on the remaining state law claims on the

15  ground that Plaintiffs' notice of claim was legally deficient under A.R.S. § 12-821.01 in that

16  it failed to provide sufficient facts supporting the request for $20,000,000.  Doc. 196 at 4-6.

17  After the Court's decision, the Arizona Supreme Court clarified the standard for determining

18  whether a plaintiff's notice of claim has sufficiently alleged factual support for the claimed

19  amount.  *See Backus v. State of Arizona*, 203 P.3d 499, 505 (Ariz. 2009) (en banc).  The

20  Ninth Circuit, therefore, vacated the Court's summary judgment order as to the state claims

21  and remanded for reconsideration in light of *Backus*.  Doc. 205-1 at 20.  The Court concludes

22  that the corresponding judgment should likewise be vacated.  The Court will vacate the

23  judgment to the extent it applies to the state claims.

24         In remanding the case, the Ninth Circuit stated that should the Court "decline to

25

26         [1]The Ninth Circuit opinion does not address this part of the summary judgment order,

27  noting instead that "Officers Stump, Robinson, Ratcliff, Nabors, Crandell, and Peterson . . .
    were initially named in the complaint but dismissed from suit prior to summary judgment."

28  Doc. 205-1 at 6 n.1.

1    exercise supplemental jurisdiction over the state law claims, it may remand those claims to

2    state court for further proceedings, including the application of *Backus* in the first instance."

3    *Id.*   With the elimination of federal claims, the basis for this Court's federal question

4    jurisdiction no longer exists.  Under the relevant statute, 28 U.S.C. § 1367(c)(3), the Court

5    may decline to exercise supplemental jurisdiction over the remaining state claims.  The

6    Supreme Court has instructed that "in the usual case in which all federal-law claims are

7    eliminated before trial, the balance of factors . . . will point toward declining to exercise

8    jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S.

9    343, 350 n. 7 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726

10   (1966)).

11          The Court concludes that this action should be remanded.  Only state law claims

12   remain.  Resolution of those claims will require application of the Arizona Supreme Court's

13   decision in *Backus*.  Arizona state courts have a greater interest and expertise in resolving

14   state law claims and applying state court decisions.  Additionally, remand will benefit the

15   federal system by allowing this Court to devote its scarce resources to resolving federal

16   issues.

17          **IT IS ORDERED:**

18          1.    Plaintiffs' motion to set aside judgment (Doc. 206) is **granted in part** and

19                **denied in part**.

20          2.    The judgment entered on February 6, 2010 (Doc. 197) is **vacated** to the extent

21                it applies to the state law claims asserted by Plaintiffs.

22          3.    The Clerk is directed to **remand** this action to state court.

23          DATED this 15th day of September, 2010.

24

25

26

27                                   David G. Campbell
                                     United States District Judge

28